~~SEALED~~

SEP 27 2023 PM5:10
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.

CASE NO. 6:23-cr- 190-PGB -RMN

18 U.S.C. § 1343

AMARIS MARIE DELAPENA
a/k/a Amaris Miller

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH FIFTEEN
### (Wire Fraud)

### A.  Introduction

At times material to this Indictment:

1.    J.P. Morgan Chase was a multinational financial institution headquartered in New York, New York.

2.    PayPal Holdings, Inc. ("PayPal") was a multinational financial technology company headquartered in San Jose, California that was operating an online payments system in the United States and elsewhere.

3.    AMARIS MARIE DELAPENA, a/k/a Amaris Miller ("DELAPENA"), was employed as a legal assistant and paralegal of a solo practitioner law practice located in the Middle District of Florida (referred to herein as the "Employer").

4.      Sol Services LLC, a/k/a SOLScapes Plus LLC ("SOLScapes"), was a Florida business incorporated by DELAPENA and her boyfriend on or about February 24, 2012.

5.      Sol Legal Law Processing LLC ("Sol Legal") was a Florida business incorporated by DELAPENA and her boyfriend on or about January 15, 2016.

### B.   The Scheme

6.      Beginning in or about April 2014, and continuing through in or about July 2018, in the Middle District of Florida, and elsewhere, the defendant,

AMARIS MARIE DELAPENA
a/k/a Amaris Miller,

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds.

### C.   The Manner and Means

7.      The manner and means by which DELAPENA sought to accomplish the scheme and artifice included, among others, the following:

a.      It was part of the scheme and artifice to defraud that DELAPENA would and did unlawfully devise and execute a scheme and artifice to defraud the Employer of money and property by means of materially false and fraudulent pretenses, representations, and promises.

2

b.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did open two PayPal accounts using the business name of her Employer (the "Employer PayPal Accounts").

c.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did cause clients of the Employer to make payments into the Employer PayPal Accounts.

d.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did divert funds from the Employer PayPal Accounts to PayPal accounts controlled by DELAPENA and her boyfriend that DELAPENA caused to be opened in the names of SOLScapes and Sol Legal Law.

e.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did route payments through SOLScapes and Sol Legal Law to make it appear that these payments were being made for legitimate business expenses.

f.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did route the payments to SOLScapes and Sol Legal Law in numerous small increments to make it appear that these payments were being made for legitimate business expenses.

g.      It was a further part of the scheme and artifice to defraud that DELAPENA would and did cause payments to be made to the SOLScapes and Sol Legal Law PayPal accounts from the Employer PayPal Accounts for which there were insufficient funds in the Employer PayPal Accounts, resulting in funds being

3

paid to the SOLScapes and Sol Legal Law PayPal accounts from the Employer's JP Morgan Chase credit card.

      h.     It was a further part of the scheme and artifice to defraud that DELAPENA would and did use the fraudulently obtained funds for her own personal benefit and the benefit of others.

      i.     It was a further part of the scheme and artifice to defraud that DELAPENA would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and acts committed in furtherance thereof.

### D. Interstate Wire Transmissions

8.     On or about the dates listed below, in the Middle District of Florida, and elsewhere, the defendant,

AMARIS MARIE DELAPENA
a/k/a Amaris Miller,

for the purpose of executing the aforementioned scheme and artifice and attempting to do so, did knowingly and with intent to defraud, transmit and cause to be transmitted by wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire Communication |
|-------|------|-------------------------------|
| One | 4/6/2018 | Interstate wire transfer in the amount of $325 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |

| Count | Date | Interstate Wire Communication |
|---|---|---|
| Two | 4/6/2018 | Interstate wire transfer in the amount of $350 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Three | 4/6/2018 | JP Morgan Chase Credit Card interstate wire transfer in the amount of $200 to SOL Legal PayPal Account x3060 |
| Four | 4/6/2018 | JP Morgan Chase Credit Card interstate wire transfer in the amount of $250 to SOL Legal PayPal Account x3060 |
| Five | 4/6/2018 | JP Morgan Chase Credit Card interstate wire transfer in the amount of $200 to SOL Legal PayPal Account x3060 |
| Six | 5/1/2018 | JP Morgan Chase Credit Card interstate wire transfer in the amount of $200 to SOL Legal PayPal Account x3060 |
| Seven | 5/1/2018 | Interstate wire transfer in the amount of $350 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Eight | 5/1/2018 | Interstate wire transfer in the amount of $350 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Nine | 5/5/2018 | Interstate wire transfer in the amount of $350 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Ten | 5/5/2018 | Interstate wire transfer in the amount of $350 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Eleven | 5/5/2018 | Interstate wire transfer in the amount of $300 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Twelve | 5/5/2018 | Interstate wire transfer in the amount of $200 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Thirteen | 5/10/2018 | Interstate wire transfer in the amount of $200 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |

| Count | Date | Interstate Wire Communication |
|-------|------|-------------------------------|
| Fourteen | 5/30/2018 | Interstate wire transfer in the amount of $300 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |
| Fifteen | 5/30/2018 | Interstate wire transfer in the amount of $300 from Employer PayPal Account x1051 to SOL Legal PayPal Account x3060 |

All in violation of 18 U.S.C. §§ 1343 and 2.

## FORFEITURE

1.     The allegations contained in Counts One through Fifteen are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of at least $166,127.57, which sum represents proceeds obtained from the violations.

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be

           divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
     Adam J. Nate
     Assistant United States Attorney

By: _____
     Chauncey A. Bratt
     Assistant United States Attorney
     Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

AMARIS MARIE DELAPENA
a/k/a Amaris Miller

## INDICTMENT

Violation:

18 U.S.C. § 1343

A true bill,



Foreperson

Filed in open court this 27th day of September, 2023.

Clerk

Bail    $ _____

GPO 863 525