UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 6:23-cr-00190-PGB-RMN |
| AMARIS MARIE DELAPENA, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION FOR A NEW TRIAL PURSUANT
TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The Defendant, Amaris Marie Delapena ("Ms. Delapena"), by and through her undersigned counsel, hereby moves this Honorable Court for a new trial in the interest of justice pursuant to Rule 33 of the Federal Rules of Criminal Procedure. As set forth below, Ms. Delapena asserts that she was deprived of her right to confrontation and her right to a fair trial, under the Sixth and Fifth Amendments to the U.S. Constitution. In support thereof, Ms. Delapena states as follows:

**STATEMENT OF FACTS**

On December 13, 2023, a grand jury returned the operative indictment accusing Ms. Delapena of numerous instances of wire and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 2. Doc. 37. The indictment further alleged that Ms. Delapena, while working as a legal assistant and paralegal for a law practice in the

Middle District of Florida (later identified during the trial as the Pennington Law Firm), embezzled funds from said law practice ("the Pennington Law Firm"). According to the indictment, Ms. Delapena and her then-boyfriend (now husband), Sean Moskowitz ("Mr. Moskowitz"), incorporated two businesses, one in 2012 and another in 2016, opened PayPal accounts connected with each business, and used wire transfers to divert funds from the Pennington Law Firm into the PayPal business accounts that Ms. Delapena and Mr. Moskowitz controlled. *Id.* In addition, the indictment asserted that Ms. Delapena and Mr. Moskowitz diverted and deposited checks from the law practice into a Wells Fargo account jointly controlled by them. *Id.*

The undersigned were not the original attorneys for Ms. Delapena in this case. Undersigned counsel Daniel W. Eckhart, Esq. ("Mr. Eckhart") filed his notice of appearance for Ms. Delapena on April 13, 2024, which was six months into the pendency of the case. *See* Docs. 1, 54. Approximately five months later, undersigned counsel Andrew C. Searle, Esq. ("Mr. Searle") filed his notice of appearance as co-counsel for Ms. Delapena. Doc. 78. Ms. Delapena's prior attorneys in this case had been representing her for years in connection with a parallel Florida Bar disciplinary proceeding involving allegations that were essentially the same as those in the instant case. Moreover, Ms. Delapena's prior

2

attorneys represented her in a pre-indictment capacity once she was made aware that she was the target of a federal criminal investigation that ultimately led to her prosecution in the instant case. Further, Ms. Delapena's prior attorneys continued to represent her after she was originally indicted in this case on September 27, 2023.

On April 30, 2024, Mr. Eckhart exchanged emails with Ms. Delapena's prior attorneys so that he could obtain the government's discovery production. On this same date, Ms. Delapena's prior defense counsel sent Mr. Eckhart a Dropbox link containing discovery. Mr. Eckhart downloaded from this link what he believed to be the available discovery, which consisted of 23,745 pages of Bates-Numbered PDF files, as well as some other miscellaneous items. Mr. Eckhart did not see or download any Paypal Excel Native files from the Dropbox link sent to him by prior defense counsel.

Before trial, the parties exchanged copies of their respective exhibits on thumb drives. The parties also provided copies of the exhibits to the Court on thumb drives, in compliance with the Court's Criminal Pretrial Order. *See* Doc. 72. The government also filed its original exhibit list on October 28, 2024. Doc. 95. The first seven exhibits listed on the government's exhibit list consisted of thousands of pages of business records from banks as well as from Paypal. *Id.*

Specifically, the government's exhibit list identified Government's Exhibit 7 as "PayPal Records (Bates Numbers 2660 – 3092; PayPal Excel Natives; Bates Numbers 17283 – 17383; PayPal Excel Natives)." *Id.*

On November 5, 2024, the government sent the undersigned a proposed stipulation concerning the first seven exhibits on its exhibit list, including Government's Exhibit 7. Before agreeing to this stipulation, the undersigned reviewed copies of the government exhibits on the thumb drive that had been produced by the government. This thumb drive did not contain PayPal Excel Natives. Instead, the only file identified as "Government's Exhibit 7" on this thumb drive was a single PDF containing Bates Numbers 2660 – 3092 and 17283 – 17383. The PDF appeared to be a version of Excel data that had been converted to PDF format, although the undersigned cannot be sure of this. The undersigned genuinely believed that there were no missing items or exhibits on the thumb drive produced by the government prior to trial, nor did the government indicate to the

4

undersigned that the Paypal Excel Natives were missing from the thumb drive it produced.[1]

The undersigned had no intention of challenging the authenticity of the business records identified in the government's exhibit list, including the Paypal records identified as Government's Exhibit 7. Moreover, the authenticity of these business records was not a part of Ms. Delapena's defense at trial. However, the undersigned made clear to the government that the Paypal records were critical to Ms. Delapena's defense and that the undersigned wanted a Paypal representative in court during the trial so that the undersigned could clarify specific aspects of how Paypal payments and Paypal payment requests worked. With the understanding that a Paypal representative would be present to testify and explain these issues, and under the mistaken belief that the undersigned had all of the government's exhibits on the thumb drive provided by the government, the

---

[1] The undersigned do not allege, nor do they believe, that the government intentionally failed to provide a copy of the Paypal Excel Natives on the thumb drive produced to the undersigned prior to trial. Instead, the undersigned believe that the government's failure to include the Paypal Excel Natives was an oversight or a mistake. The undersigned can also represent to this Court that the assigned Assistant United States Attorney has been forthright and transparent with defense counsel throughout the proceedings. Nonetheless, Ms. Delapena asserts that she was deprived of her constitutional rights as a result of the government's oversight, and that she is entitled to a new trial in the interest of justice.

undersigned agreed to stipulate to the authenticity of the Paypal records identified as Government's Exhibit 7. Doc. 102. When the undersigned entered into this stipulation, the undersigned had not seen any Paypal Excel Natives and were under the mistaken belief that Government's Exhibit 7 consisted entirely of what was identified as Government's Exhibit 7 on the thumb drive, i.e., the PDF file containing Bates Numbers 2660 – 3092 and 17283 – 17383.

Ms. Delapena's trial commenced on November 18, 2024 and lasted through November 22, 2024. Docs. 106-108, 111, 114. On the first day of trial, November 18, 2024, the government moved to admit Government's Exhibit 7 based on the aforementioned stipulation, which the Court granted. *See* Doc. 120. At the time, the only portion of Government's Exhibit 7 that was present in the courtroom was what the undersigned believed to be the entirety of the exhibit, i.e., a printout of the PDF file containing Bates Numbers 2660 – 3092 and 17283 – 17383 in a file folder labeled Government's Exhibit 7. On this same date, Rebecca Peabody ("Ms. Peabody"), an employee of Paypal, testified and was cross-examined. Doc. 106. During Ms. Peabody's testimony, the undersigned introduced as Defendant's Exhibit 33 Paypal screen shots demonstrating what a user would see when sending

6

Paypal payments or Paypal payment requests.[2] The undersigned also elicited from Ms. Peabody that a Paypal user can provide a description of what a payment or payment request was for, such as "paralegal services." Ms. Peabody further testified that Paypal would retain any descriptions associated with payments or payment requests sent or received by users of Paypal. Additionally, Ms. Peabody testified that she saw no such descriptions in Government's Exhibit 7. Instead, Ms. Peabody testified that Government's Exhibit 7 contained only summary data about various Paypal accounts, and did not include itemized transaction records or the descriptions associated with any payments, even though such data may exist somewhere within Paypal's servers.

On November 20, 2024, Brian Watson ("Mr. Watson"), an analyst for the United States Secret Service testified and was cross-examined. Doc. 108. Mr. Watson testified about specific PayPal transactions and discussed itemized Paypal records that he reviewed as part of his analysis of the evidence in this case. During or after Mr. Watson's testimony, the government realized that the Paypal Excel Natives were not physically present in the courtroom and were not with the records that were previously introduced as Government's Exhibit 7. On this same

---

[2] The undersigned do not currently have a transcript of the trial and are basing their representations of what transpired during the trial from their recollections.

date, November 20, 2024, the government showed the undersigned the Paypal Excel Natives on a government computer. This was the first time the undersigned had seen the Paypal Excel Natives. The government rested after Mr. Watson testified.

On the evening of November 20, 2024, the undersigned requested a full copy of the Paypal Excel Natives, however, the government was unable to provide a copy due to the size of the files. Instead, the government sent the undersigned a single file from the Paypal Excel Natives. The government also made clear that it had produced the Paypal Excel Natives to Ms. Delapena's prior attorneys on October 6, 2023. The single file from the Paypal Excel Natives contained itemized Paypal transaction details for one of the entities associated with Mr. Moskowitz. A section of the native file contained a column labeled "Note," which was blank except for a single entry.

On the morning of November 21, 2024, the undersigned raised the issue of the Paypal Excel Natives having not been present in the courtroom when Government's Exhibit 7 was admitted. Doc. 111. Specifically, Ms. Delapena objected to the Paypal Excel Natives going to the jury. The Court overruled the objection and stated that the jury would see the entirety of Government's Exhibit 7.

On November 20, 2024 and November 21, 2024, Ms. Delapena put on her defense case, including presenting the testimony of Mr. Moskowitz and Ms. Delapena. Docs. 108, 111. Part of the defense case included testimony that Ms. Delapena was authorized to approve the Paypal payment requests sent by Mr. Moskowitz to the Pennington Law Firm, and that these payment requests included a description of the work performed by Mr. Moskowitz for the law firm. During cross-examination of the defense witnesses, the government never referenced the Paypal Excel Natives, including the "Note" column in these records.

On November 21, 2024, the parties gave their closing arguments. Doc. 111. During the government's rebuttal closing argument, which Ms. Delapena could not respond to, the government for the first time discussed the Paypal Excel Natives. Specifically, the government told the jury that there were no descriptions of work provided by Mr. Moskowitz in the Paypal payment requests he sent to the Pennington Law Firm, and that the jury could open up the Paypal Excel Natives and see that the "Note" columns in the files were primarily left blank. During the trial, not a single witness testified about what the "Note" column of the Paypal Excel Natives meant. Moreover, the Paypal representative, Ms. Peabody, never explained the data in the native files because the files themselves were not present in the courtroom during her testimony. Further still, Ms. Delapena was deprived

9

of her ability to ask questions about these native files in order to flesh out whether it was possible that the "Note" column in the records could be blank, even though Mr. Moskowitz had included a description of the work he performed on behalf of the Pennington Law Firm when he sent the Paypal payment requests.

All of the government's exhibits, including the Paypal Excel Natives, were submitted to the jury after closing arguments.

On November 22, 2024, the jury returned guilty verdicts on all counts in the operative indictment. Docs. 114, 116, 117.

The Court has scheduled a sentencing in this matter for February 19, 2025 at 11:00 a.m. Doc. 119.

On December 3, 2024, the Court extended the deadline for the filing of any post-trial motions to December 20, 2024. Doc. 123.

## **MEMORANDUM OF LAW**

*Legal Standards*

Federal Rule of Criminal Procedure 33 provides, in relevant part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court has much more power to grant a motion for a new trial than it does to grant a motion for judgment of acquittal." *United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir.

2001) (citation omitted). "In evaluating a motion for a new trial, 'a district court need not view the evidence in the light most favorable to the verdict.'" *Id.* (citation omitted).

The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Constitution is offended when the defendant is denied the opportunity effectively to attack the credibility of the prosecution's witnesses. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994).

The right to a "fair trial in a fair tribunal is a basic requirement of due process" and derives directly from the Constitution. *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 565 (3d Cir. 2017) (internal citation omitted). "The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless error) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Margarita Garcia*, 906 F.3d 1255, 1280 (11th Cir. 2018) (quotation omitted). Courts should "address claims of cumulative error by first considering the validity of each claim individually, and then examining any errors . . . [found] in the aggregate and in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." *Id.* (quotation omitted).

*Grounds For Relief Sought*

Ms. Delapena asserts that she was deprived of a fair trial and that her right to confrontation was denied based on the above-described issues concerning the Paypal Excel Natives. First, when Ms. Delapena stipulated to the admissibility of Government's Exhibit 7, she did not know that what would be submitted to the jury included the data contained in the Paypal Excel Natives. In its exhibit list and in the stipulation, the government described Government's Exhibit 7 as "PayPal Records (Bates Numbers 2660 – 3092; PayPal Excel Natives; Bates Numbers 17283 – 17383; PayPal Excel Natives)." *See* Docs. 95, 102. However, the thumb drive of exhibits that the government produced pretrial identified Government's Exhibit 7 as a single PDF file containing Bates Numbers 2660 – 3092 and 17283 – 17383. Ms. Delapena had no reason to question whether some additional parts of the exhibit had been withheld by the government and would later be introduced at trial. Moreover, the PDF containing Bates Numbers 2660 – 3092 and 17283 – 17383 appeared to be excel spreadsheets that had been converted to PDFs. Further still, the discovery produced in this case was extraordinarily voluminous. As noted above, when Mr. Eckhart downloaded the materials from the Dropbox link sent to him by Ms. Delapena's prior defense counsel, he did not see the Paypal Excel Natives anywhere in the discovery.

12

Since the trial and verdict, the undersigned has obtained from the government a re-production of all of the discovery that the government produced to Ms. Delapena's prior attorneys. It appears that the Paypal Excel Natives were included in a discovery production made on October 13, 2023, however, a user must navigate through approximately eleven layers of subfolders, some of which were zipped files, in order to reach the Paypal Excel Natives, which were contained in several different subfolders themselves. Thus, the Paypal Excel Natives were originally produced in a manner that is equivalent to a "needle in a haystack." *See United States v. Khalil*, No. 22-cr-20200, 2024 U.S. Dist. LEXIS 111736, 2024 WL 3160668 (E.D. Mich. June 25, 2024) ("[P]roviding Defendants with a needle in a haystack is akin to not providing them with a needle at all.").

Based on the foregoing, the undersigned are not even sure if prior defense counsel had extracted the Paypal Excel Natives from the government's original discovery production at the time of the discovery exchange between prior defense counsel and Mr. Eckhart on April 30, 2024. In any event, as noted, Mr. Eckhart did not see the Paypal Excel Natives anywhere when he downloaded the discovery sent to him from prior defense counsel. Ultimately, the first time that the undersigned laid eyes on the Paypal Excel Natives was on November 20, 2024 on a government computer, during or after the testimony of Mr. Watson, when the

13

government realized that the native file was not physically present in the file folder for Government's Exhibit 7.

As noted, the government rested after Mr. Watson testified. Therefore, the Paypal Excel Natives were not physically present in court during most or all of the government's case-in-chief. Because the Paypal Excel Natives were not available during the testimony of the government's witnesses, Ms. Delapena was deprived of her opportunity to effectively cross-examine these witnesses. Specifically, she was denied her right to ask Ms. Peabody, the Paypal representative, questions about these files and what the data and information in the records meant. As noted, the "Note" columns in some of the files were blank, however, Ms. Delapena was not able to inquire as to the meaning or significance of this information. In sum, under the Sixth Amendment, Ms. Delapena had a right to question the government's witnesses about the Paypal Excel Natives, but she was denied that right because the files were not present in court.

After realizing that the Paypal Excel Natives were something beyond and additional to the PDF files Bates Numbered 2660 – 3092 and 17283 – 17383, which were already in evidence as Government's Exhibit 7, Ms. Delapena asked the Court to prevent the jury from seeing the native files. The Court denied this request and determined that the Paypal Excel Natives were already "in evidence"

based on the stipulation, even though the native files had not been shown to any witnesses and had not been present in the courtroom during the first three days of trial, including when Government's Exhibit 7 was admitted. As a result, the jury was permitted to see a piece of evidence that Ms. Delapena was not able to address in any way during her cross-examinations of the government's witnesses.

The government further compounded the error by telling the jury to rely on the Paypal Excel Natives in order to reject Ms. Delapena's defense that Paypal payments to Mr. Moskowitz were good-faith, legitimate payments for petition preparation work he was doing for the Pennington Law Firm. Specifically, the government told the jury to open up the native files and look at the "Note" column, which showed no descriptions of any of the work that Mr. Moskowitz testified he performed. The government did this despite the fact that not a single witness testified that the "Note" section of the native files was where a description for a Paypal transaction would be reflected. As discussed above, the government failed to include the Paypal Excel Natives in its pretrial exhibit thumb drive and failed to bring this same file to court during the first three days of trial, when the government's witnesses were testifying. By focusing the jury's attention on this same piece of evidence during its rebuttal closing argument, which Ms. Delapena had no opportunity to respond to, the government deprived Ms. Delapena of her

15

due process right to a fair trial. It was fundamentally unfair for the jury to be told to look at native files that had not been explained at all during trial, especially when Ms. Delapena was deprived of her right to cross-examine witnesses about the files.

Under the "cumulative error doctrine," this Court should conclude that the cumulative effect of the errors surrounding the Paypal Excel Natives require a new trial in the interest of justice.

**CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL**

The undersigned has conferred with the assigned Assistant United States Attorney, Adam Nate, who opposes this motion.

## CONCLUSION

WHEREFORE, the Defendant, Amaris Marie Delapena, respectfully requests that this Court grant the instant motion and order a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Respectfully submitted this 19th day of December 2024.

*/s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com

*/s/ Dan Eckhart*
**DAN ECKHART, ESQ.**
Florida Bar No. 488674
**DAN ECKHART LAW**
200 E. Robinson St., Ste. 1150
Orlando, Florida 32801
Tel.: (352) 255-5004
Fax: (407) 649-1657
E-mail: dan@daneckhartlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on December 19, 2024.

*/s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
