UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 6:23-cr-190-PGB-RMN

AMARIS MARIE DELAPENA
_____/

### ORDER

This cause is before the Court on the Defendant Amaris Marie Delapena (the "**Defendant**" or "**Ms. Delapena**")'s Motion for New Trial (Doc. 124 (the "**Motion**")). The Government filed a Response in Opposition to the Motion. (Doc. 125). Following oral argument, the Motion is granted.

**I.    BACKGROUND**

The Defendant was charged with a scheme to defraud her former employer. (Doc. 37). The Government alleged that the Defendant opened two PayPal accounts using the business name of her employer and diverted law firm funds from the employer's PayPal accounts to PayPal accounts controlled by the Defendant and her then-boyfriend, now husband, Sean Moskowitz. (*Id*. ¶¶ 7(b)–(d)). The Defendant was also charged with 21 counts of bank fraud. (*Id*. at pp. 8–10). Ms. Delapena was convicted on all counts following a four-day jury trial. (Docs. 106, 107, 108, 111, 116).

The testimony presented at trial painted a picture of a small-town law practice that suddenly received a large infusion of bankruptcy cases and relied on

paralegals to prepare bankruptcy petitions. Mr. Pennington—the firm's only lawyer—received about 200 bankruptcy cases when his former friend, Mr. Baker, was disbarred. Mr. Pennington relied on assistance from Ms. Rene Abrams, a paralegal, to collect documents and prepare bankruptcy petitions. He also relied on the Defendant, Ms. Delapena, to run his Orlando office. Ms. Delapena had worked for Mr. Baker as a paralegal before he lost his license. Mr. Pennington invested Ms. Delapena with discretion to outsource bankruptcy petition preparation work. He also knew that Ms. Delapena hired her then-boyfriend, Mr. Moskowitz, to prepare bankruptcy petitions. The Government alleged that Ms. Delapena stole from Mr. Pennington, diverted those funds to Mr. Moskowitz, and later stole and deposited checks payable to the firm.

The defense theory is that Mr. Pennington allowed Ms. Delapena to run the Orlando firm and that Mr. Moskowitz earned the money the firm paid him via PayPal. Mr. Pennington agreed with Ms. Delapena's recommendation to open a PayPal account. Mr. Pennington's bookkeeper testified she issued Mr. Moskowitz a 1099 and likely claimed his work as an expense on the firm's taxes. Mr. Moskowitz testified that he identified the work performed on PayPal requests for payment, and PayPal representative Ms. Peabody explained that such notations would still exist on PayPal's servers. Ms. Delapena corroborated Mr. Moskowitz's claim that he identified the case he had worked on when submitting a PayPal request for payment. If the PayPal records showed a notation by Mr. Moskowitz indicating the file he had worked on, that would bode well for the Defendant. If

not, the Government's theory could get a boost. Accordingly, the PayPal native records were important, which is why a new trial is warranted.

Government Exhibit 7 consists of PayPal records. The exhibit list identifies "PayPal Records (Bates Numbers 2660-3092; PayPal Excel Natives; Bates Numbers 17283-17383; PayPal Excel Natives)". (Doc. 120). The parties entered into a "Joint Stipulation of Fact" in which they agreed that Government Exhibits 1 through 8 and Defense Exhibit 4 are "records of regularly conducted activity under Federal Rule of Evidence 803(6)". (Doc. 102). That is, the parties agree that the business records exception to hearsay is satisfied as to those documents. Notably, the parties did not list the exhibits as joint exhibits or stipulate to their admissibility. The Government moved PayPal records into evidence as Government Exhibit 7 but failed to include the PayPal Excel Natives in the exhibit when offered. The PayPal Excel Natives were not included in the flash drive containing the Government's trial exhibits provided to the Court and defense counsel before trial.

Only after the PayPal representative testified did the Government realize its omission. That evening, the Government informed the defense that it had inadvertently failed to move the PayPal Natives into evidence. The Government showed defense counsel PayPal Natives not included in the version of Government Exhibit 7 filed with the Court. Once the defense learned that the Government wanted to supplement Exhibit 7 by adding the PayPal Excel Natives, counsel raised their objection with the Court the following morning before the jury arrived. The

3

defense explained that the Government wanted to add a flash drive to Exhibit 7, which contains PayPal Excel Natives. The defense opposed allowing the Government to supplement Exhibit 7 because it was not in court when the PayPal representative testified and was prejudicial.

The Court initially ruled only the version of Government Exhibit 7 that was moved into evidence would go back with the jury during deliberations. The Government acknowledged that "after the examination of Mr. Watson,[1] we reviewed the folder that had the PDFs in them and for whatever reason that zip drive that contained [the PayPal Excel Natives] was not in that folder." The Court then wrongly construed the Joint Stipulation of Fact as a stipulation to the admissibility of Government Exhibit 7. That is, the Court believed, albeit incorrectly, that Ms. Delapena had stipulated to the admissibility of Government Exhibit 7, including the PayPal Excel Natives. The Court overruled the Defendant's objection and allowed the PayPal Excel Natives to go back with the jury. The Court's ruling was wrong. The defense only stipulated that *if* offered at trial, Ms. Delapena would not object to the PayPal records, including the PayPal Excel Natives, on hearsay grounds. This is vastly different from stipulating to the admission of an exhibit, because the Defendant retained her right to object to relevance, prejudice, or any other ground except hearsay.

---

[1]   Mr. Watson is a Secret Service Agent who served as a summary witness.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." *Id.* Further, "[w]hen considering a motion for a new trial, the district court may weigh the evidence and consider the credibility of the witnesses." *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019) (quoting *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015)). Where a defendant moves for a new trial based on improperly admitted evidence, the defendant must show that an objection was properly preserved, the court abused its discretion in admitting or rejecting the evidence, and the error was prejudicial to the defendant. *United States v. Stephens*, 365 F.3d 967, 974 (11th Cir. 2004). Motions for new trials based on trial errors must demonstrate that the error created circumstances that rendered the trial prejudicially unfair. *See United States v. Martinez*, 763 F.2d 1297, 1315 (11th Cir. 1985) (rejecting the defendant's motion for a new trial based on a discovery violation because the violation did not render the trial "fundamentally unfair").

The Confrontation Clause states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Constitution is offended when the defendant is denied the opportunity effectively to attack the credibility of the prosecution's witnesses. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994). The right to a "fair trial in a fair tribunal is a basic requirement of due process" and derives

directly from the Constitution. *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 565 (3d Cir. 2017) (citation omitted).

## III.  DISCUSSION

The Government did not offer the PayPal Excel Natives in evidence with Government Exhibit 7. The Government may have intended to offer the PayPal Excel Natives as part of its exhibit, but it inadvertently failed to include them in the exhibit that was moved into evidence. When the Government realized its mistake, the PayPal representative had already been excused. And so, Ms. Peabody did not testify about the Natives, including whether or not Mr. Moskowitz identified clients on PayPal requests or whether an Excel spreadsheet would include notations relating to payment. The defense was therefore denied the opportunity to cross-examine her on whether the PayPal records show notations by Mr. Moskowitz and, if not, whether there is a reasonable explanation for their absence. Prejudice to the Defendant was compounded by the Government's rebuttal argument in closing. The Government took issue with Mr. Moskowitz and Ms. Delapena's testimony that Moskowitz identified his work on PayPal requests, arguing:

> Of those thousands of transactions, thousands of transactions, in the PayPal account associated with A. Miller at Pennington Law firm P.A., there was one note that could possibly be related to a file for Mr. Pennington's clients.
>
> The thousands of transactions for Sol Legal Law Processing LLC[2] . . . Three notes that could possibly be related to filings [of bankruptcy petitions].
>
> . . . .

---

[2]  Sol Legal Law Processing LLC was formed by Mr. Moskowitz.

6

> Most of the notes that you're going to find as you're scrolling down those Excel spreadsheets are zero notes, none, which is also consistent and creates a lack of credibility for Mr. Moskowitz for his story . . . .

(Citing rough transcript).

The Government invited the jury to examine PayPal spreadsheets which were not admitted until after the PayPal Representative had been excused and over the Defendant's objection. The defense correctly argues that no competent witness testified that the "note" section of the Excel spreadsheets is where one would find a PayPal request for payment notation. Moreover, Ms. Delapena was denied the ability to confront witnesses against her when the Court erroneously admitted the PayPal Excel Natives. The defense also had the right to rely on the exhibits disclosed by the Government before trial, which are often a subset of the evidence produced in discovery. Finally, the thrust of Ms. Delapena's defense was that she properly outsourced work to Mr. Moskowitz as evidenced by his PayPal payment requests.[3] This defense was undermined by the late admission of the PayPal Excel Natives. The defense timely objected, and the Court initially ruled correctly and then, regrettably, changed course under the misapprehension that the defense had stipulated to the admission of Government Exhibit 7.

---

[3] The prejudicial effect of allowing the Government to reference the PayPal Excel Natives is pervasive. If the jury had taken the Government's representation to heart that the PayPal payment requests by Mr. Moskowitz did not contain descriptions of work performed, they might have also rejected Mr. Moskowitz's confession that he acted alone in converting the checks comprising the bank fraud counts.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's Motion for New Trial (Doc. 124) is **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on January 31, 2025.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties