UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO: 6:23-cr-190-PGB-RMN

**AMARIS MARIE DELAPENA**
_____/

**ORDER**

This cause is before the Court *sua sponte* on Defendant's Motions *in Limine* (Doc. 80). The Government submitted a Response in Opposition. (Doc. 83). Having ordered a new trial and with the benefit of having presided over the first trial, the Court issues this Order modifying two of its prior rulings on Defendant's Motions *in Limine*. (Docs. 86, 100).

**I.   BACKGROUND**

**A.   July 2018 Meeting**

Before trial, the Defendant moved to exclude evidence regarding a meeting held in July 2018, which she attended with Mr. Pennington and his attorney. (Doc. 80, p. 23). During this meeting, Ms. Delapena gave Mr. Pennington cash to resolve a dispute over a payment made to Sean Moskowitz. As she and Mr. Pennington walked to the parking lot, the Defendant stated words to the effect that "this is going to be the end of my life." Previously, the Court ruled the Government may elicit testimony that the Defendant was summonsed to a meeting, confronted with allegations of theft, and terminated from employment. (Doc. 86, p. 4). The Court

also allowed the Government to elicit testimony from Mr. Pennington and cross-examine the Defendant about the meeting and her statement. (*Id*.). That said, the Court prohibited the Government from eliciting testimony regarding settlement negotiations. (*Id*.). During the meeting, Mr. Pennington's attorney accused the Defendant of fraud. The Defendant did not admit wrongdoing, but while walking to her car with Mr. Pennington, she observed that the accusation was going to be the end of her life. Mr. Pennington testified that he consoled the defendant as they walked to her car.

The Court finds that testimony about Ms. Delapena being accused of criminal conduct is unduly prejudicial, particularly when she did not admit wrongdoing. Testimony that Ms. Delapena was accused of a crime by Mr. Pennington's lawyer shifts the burden to the Defendant to prove her innocence. Ms. Delapena's comment that this, meaning the accusation of wrongdoing, "is going to end my life" does not constitute an admission of guilt and is, therefore, unduly prejudicial. Ms. Delapena's comment is ambiguous at best and a juror *could* find that it implies or suggests guilt. Accordingly, the Court vacates the relevant portion of its prior Order and grants the Defendant's motion to exclude statements made at the July 2018 meeting, including accusations of wrongdoing, under Rule 403. FED. R. EVID. 403.

B.   **Florida Bar Proceedings**

When the Court entered its Order addressing the Defendant's *Motions in Limine*, it reserved ruling on the Defendant's motion to exclude evidence or

testimony about a Florida Bar disciplinary proceeding. (Doc. 86, pp. 2–3). The parties were directed to submit the disciplinary record for the Court's review. (*Id.*). The Court reviewed the Conditional Guilty Plea for Consent Judgment, the Report of the Referee Accepting Consent Judgment, the Opinion issued by the Florida Supreme Court imposing a 90-day suspension from the practice of law, and Ms. Delapena's deposition. The Court ultimately denied the Defendant's motion to exclude evidence about the Florida Bar disciplinary proceeding. (Doc. 100). At trial, Ms. Delapena testified that Mr. Pennington reported her to the Bar. As the case was proceeding to trial, the Florida Bar offered a compromise, which she accepted. A trial before the Florida Bar is similar to a non-jury civil trial and is a *quasi*-judicial administrative proceeding. *See* THE FLA. BAR, REFEREE MANUAL 5 (revised Aug. 2021) (https://www.flcourts.gov/content/download/734381/file/1-2021-bar-referee-manual.pdf). Accordingly, Federal Rule of Evidence 408 controls and the offer compromising the complaint is inadmissible.

Moreover, the prejudicial effect of allowing the Government to present evidence that Ms. Delapena allegedly lied on her application for admission to the Bar is unduly prejudicial. The thrust of the Government's case is that Ms. Delapena lied to her employer by improperly paying her boyfriend for work never performed—or paying him in excess of the amount earned. Ms. Delapena denies having seen a termination letter from the Pennington Law Firm until it was produced in connection with the Bar grievance. She testified that her legal defense costs were astronomical, which drove her to accept the Bar's offer to compromise.

Even if the "guilty plea" to the Bar complaint was not inadmissible under Rule 408, it is inadmissible under Rule 403. *See* FED. R. EVID. 403, 408. Thus, the Court's prior Order denying Defendant's Motion *in Limine* to exclude evidence or testimony about the Florida Bar disciplinary proceeding (Doc. 100) is vacated and the Motion *in Limine* is granted.

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is **DIRECTED** to vacate in part the Court's October 21, 2024 Order on Defendant's Motion *in Limine*. (Doc. 86). Specifically, the Clerk of Court is **DIRECTED** to vacate the Court's denial of Defendant's Motion *in Limine* regarding statements made at the July 2018 meeting. (*Id.* at pp. 3–5).

2. The Clerk of Court is **DIRECTED** to vacate the Court's November 8, 2024 Order denying Defendant's Motion *in Limine* regarding Defendant's Florida Bar disciplinary proceeding (Doc. 100) in its entirety.

3. Defendant's Motions *in Limine* (Doc. 80) to exclude evidence related to Defendant's Florida Bar disciplinary proceedings and statements made at the July 2018 meeting are hereby **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on January 31, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties